# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2012

No. 11-30932
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKIE BRADLEY,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-167-1

Before CLEMENT, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rickie Bradley of conspiring to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and engaging in interstate communications with the intent to extort money, in violation of 18 U.S.C. §§ 875(b), 2. The district court sentenced Bradley to concurrent terms of 60 months in prison.

Bradley argues that the prosecutor engaged in misconduct when he told the jury that Bradley collected drug debts owed to Bernard Tusa, the leader of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the conspiracy, before Tusa's arrest in 2007. We review Bradley's claim of prosecutorial misconduct for plain error. *United States v. Aguilar*, 645 F.3d 319, 323 (5th Cir. 2011). To demonstrate reversible plain error, Bradley must show that: (1) there was a forfeited error, i.e., the prosecutor's remarks were improper, (2) the error was plain and obvious, and (3) the error affected his substantial rights. *See id.* The determinative question is "whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *Id.* at 325 (internal quotation and citation omitted). To determine whether the outcome was affected, we consider (1) the magnitude of the remark's prejudice, (2) the effect of any cautionary instructions given by the judge, and (3) the strength of the evidence supporting the conviction. *See id.*

There was testimony at trial that Bradley collected drug debts for Tusa before 2007. Thus, the prosecutor's remarks did not go beyond properly admitted evidence, and Bradley has not shown that the prosecutor's remarks constituted a clear or obvious error. Even if we assume that the prosecutor's remarks constituted a clear or obvious error, we nevertheless conclude that Bradley cannot demonstrate that the remarks affected his substantial rights. First, the magnitude of the remarks' prejudice was minimal. The remarks, which the prosecutor made only once, were brief and embedded in the prosecutor's closing argument. Second, the district court issued the requisite cautionary instructions, telling the jury more than once that the lawyers' comments and arguments were not evidence. Finally, the evidence against Bradley was substantial. The Government presented testimony from Tusa; Dawn Naquin, Tusa's girlfriend; Joseph Ruhl, one of Tusa's customers and the extortion victim; Norman Rush, a co-conspirator; and three agents employed by the Drug Enforcement Administration (DEA). All of the Government's witnesses detailed Bradley's role in the offenses of conviction, including his extortion of Ruhl in May 2009. In light of the foregoing, the prosecutor's remarks cast no

doubt on the correctness of the jury's verdict. *See Aguilar*, 645 F.3d at 325. Thus, Bradley is not entitled to relief on this claim.

Bradley also argues that the district court erred in denying his motion for a new trial. We review the district court's denial of a motion for a new trial for abuse of discretion. *See United States v. Piazza*, 647 F.3d 559, 565 & n.3 (5th Cir. 2011) (noting it is unsettled whether review is for a clear abuse of discretion or a mere abuse of discretion). To obtain a new trial based on newly discovered evidence, Bradley must show that (1) the evidence is newly discovered and was unknown to him at the time of trial, (2) the failure to detect the evidence was not due to his lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence if introduced at a new trial would probably produce an acquittal. *Id.*

Bradley argues that his new evidence—casino records that place him in Gary, Indiana, after Hurricane Katrina through August 2008—discredit Tusa because they contradict Tusa's testimony that he was working for Tusa during that period. As the district court found, evidence offered merely to impeach the testimony of a witness, even if contradictory, does not justify a new trial. *See United States v. Wall*, 389 F.3d 457, 470 (5th Cir. 2004). As the district court also found, evidence which is not material and which is not likely to produce a new result, does not justify a new trial. *See Piazza*, 647 F.3d at 569-70. While the casino records might establish that some witnesses were mistaken about the dates of certain events after Hurricane Katrina through August 2008, they do not address Bradley's marijuana trafficking activities from June 2008 through May 2009, as alleged in the indictment and about which the Government's witnesses testified. In light of the foregoing, Bradley has not shown that the district court abused its discretion in denying his new trial motion. *See Piazza*, 647 F.3d at 565-70.

AFFIRMED.